## Unemployment Compensation Commission v. Louisville Title Ins. Co. et al.

Jan. 19, 1943.

Elwood Rosenbaum and O. B. Hannah for appellant.

Leo T. Wolford and Elliott Lee Maddox for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

For the purpose of determination of this appeal, the question is whether or not the Commonwealth of Kentucky by its agency, the Unemployment Compensation Commission, has a lien against real estate for unemployment contributions or taxes which arose out of a business conducted by the taxpayer before he purchased or became the owner of real estate against which the Commission seeks to enforce its alleged lien for such taxes.

On March 29, 1940, appellee sold to one Rollie Enochs certain real estate in the city of Louisville and retained a lien in the deed for $2,000 of the purchase price. On December 7, 1940, the Commission filed in the Jefferson county court clerk's office a notice of lien upon the property for taxes or contributions which became due from Enochs to the Commission before he purchased the property. The tax claimed by the Commission against Enochs accrued during the years 1937 and 1938, during which time Enochs operated a bakery and had failed to pay the amount which the Commission claims he owed for the unemployment contributions. But no part of the taxes arose out of any business con-

ducted by Enochs since he purchased the property, except a small amount representing penalties which accrued on the claim after he purchased the property from appellee. The Commission contends, however, that it has a lien upon all propery owned by Enochs at any time for the amounts owing by him, and further contends that when he acquired the property while being indebted for the taxes, the tax lien ipso facto attached to the property and became superior to all other liens or claims including the purchase lien retained by appellee.

The 1936 Acts, Fourth Special Session of the Legislature, Chapter 21, now appearing as. Section 4257a-7, Carroll's Kentucky Statutes Supp. 1938, provides that:

"The Commonwealth of Kentucky shall have a lien superior to all other liens upon all property, real, personal and mixed, tangible and intangible, owned by the taxpayer at the time the property or the taxpayer becomes subject to the tax, for any property tax, license tax, inheritance or estate tax, excise tax or income tax against which no exemptions shall be pleaded."

It results, therefore, that since the taxpayer (Enochs) did not own the property here in question when the taxes accrued, the Commission has no lien against the property for such taxes and the chancellor did not err in so holding.

Appellee refers to and discusses the 1940 Act amending the section of the Statutes, supra, (4257a-7) chapter 180, relating to the filing of notice by the Commission in the county court clerk's office, which provides, among other things, that the property must be used by the taxpayer in connection with the business out of which the taxes arise. But, since the 1940 Acts did not become effective until April 1, 1940, subsequent to the sale and purchase of the property here involved, it is not applicable, and hence we need not further discuss or construe those Acts. All other questions are reserved.

Judgment affirmed.